THE STATE, *Appellant*, v. BURNETT.

**Giving away Liquor on Sunday.** The giving away of intoxicating liquor on Sunday, by a dramshop keeper, is not an indictable of-fense. The only penalty prescribed by law is forfeiture of his license and prohibition against obtaining another license for a term of two years. Wag. Stat., p. 553, § 22; R. S. 1879, § 5456.

*Appeal from Washington Circuit Court.*—Hon. L. F. DINNING, Judge.

AFFIRMED.

*D. H. McIntyre*, Attorney General, for the State.

*Van Allen & Harris* for respondent.

NORTON, J.—The defendant was indicted in the Washington county circuit court for giving away, as a dramshop keeper, intoxicating liquors in and about his premises on Sunday, the first day of the week. He was convicted and his punishment assessed at a fine of $5. Defendant filed his motion in arrest, alleging as grounds therefor that the "indictment does not charge any crime against the laws of the State;" that the giving away liquor by a dramshop keeper on the first day of the week, commonly called Sunday, is not declared to be an offense by the statute, nor is it an offense at common law. This motion was sustained,

and the State has appealed from the action of the court in that respect.

The indictment was preferred before the Revised Statutes of 1879 went into effect, and is founded upon section 22, page 553, Wagner's Statutes, which declares that "any person having a license as dramshop keeper, who shall keep open such dramshop or shall sell, give away or otherwise dispose of (or suffer the same to be done,) upon or about his premises, any intoxicating liquors in any quantity, on the first day of the week, commonly called Sunday, shall upon conviction thereof, in addition to the penalty now provided by law, forfeit such license, and shall not again be allowed to obtain a license to keep a dramshop for the term of two years next thereafter." While under section 35, Wagner's Statutes, a dramshop keeper who keeps his grocery open, or who sells or retails intoxicating liquors, on Sunday, is guilty of a misdemeanor, and subject to be fined not exceeding $50, the giving away of such liquor on Sunday is nowhere declared to be a misdemeanor, nor does the dramshop keeper giving it away subject himself under any statute to the payment of a fine. The only penalty under existing laws imposed upon a dramshop keeper for giving away intoxicating liquors on Sunday, is a forfeiture of his license, and a prohibition against his obtaining license for two years after being convicted of the violation of the law in so giving it away. And while giving away intoxicating liquors on Sunday by a dramshop keeper is a violation of section 22, *supra*, it has not been made by the legislature either a misdemeanor or offense, for which a prosecution by indictment can be maintained.

It is claimed by the attorney general that an indictment for such a violation of law is authorized by section 30, Wagner's Statutes, 516, which declares that "whenever any fine, penalty or forfeiture is or may be inflicted by any statute of this state, for any offense, the same may be recovered by indictment * * notwithstanding another and different remedy may be specified in the law

imposing the fine, penalty or forfeiture, provided that in all cases, the fine, penalty or forfeiture shall go to the State, county, corporation, person or persons to whom the law imposing the same declares it shall accrue."

We are of the opinion that the claim made by the attorney general is not well founded, for the following reason: Said section 30 only authorizes "an indictment " for the recovery of a fine, penalty or forfeiture inflicted by any statute for an " offense," and unless giving away intoxicating liquors by a dramshop keeper is an offense in the sense in which that word is used in said section, he cannot be prosecuted by indictment. That it is not an offense in the sense in which the word is used in said section 30, is clearly shown by the following section 36, which provides that " the terms ' crime,' ' offense,' ' criminal offense,' when used in this or any other statute shall be construed to mean any offense, as well misdemeanor as felony, for which any punishment by imprisonment or fine, or both, may by law be inflicted." Inasmuch as there is no law to be found in the statutes of this State inflicting the punishment of either fine or imprisonment, or both, on a dramshop keeper, for giving away intoxicating liquors on Sunday, it is not an offense for him to do so in the sense in which that word is used in section 30, *supra*, and it, therefore, necessarily follows, that the prosecution by indictment for such violation of law cannot be maintained, and that the action of the circuit court in sustaining defendant's motion in arrest of judgment was rightful.

Judgment affirmed, in which all concur.